The Honorable Ricardo S. Martinez
United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IMKA POPE,<br><br>    Plaintiff,<br><br>vs.<br><br>TODD MCCOMAS, ET AL;<br><br>    Defendants | C07-1191-RSM<br><br>PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS<br><br>NOTE ON MOTION CALENDAR: March 9, 2012 |

## I.     MOTION

Plaintiff Imka Pope, by and through her attorneys, moves the court for an award of attorney fees from Defendants in the amount of $533,179.50 and costs in the amount of $23,562.97 pursuant to 42 U.S.C. §1988.

## II.     MEMORANDUM

**A.  Plaintiff Imka Pope Received a Highly Favorable Result at Trial**

On February 3, 2012, after more than 4 years of litigation and a 6 day jury trial, the jury returned a verdict resoundingly in favor of plaintiff Imka Pope.  The jury found liability on nine out of ten claims in the case, imposing substantial compensatory and punitive damages.  In addition to the state law claims of medical malpractice and outrage, the jury found liability on all three federal civil rights claims, concluding that King County, and Officers McComas and

PLAINTIFF'S MOTION FOR AWARD OF
ATTORNEY'S FEES AND COSTS
  Page 1 of 6



100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

Hustead, had been "deliberately indifferent" to her federally guaranteed rights. The jury awarded Imka Pope $850,000 in compensatory damages and $125,000 in punitives.

### B. Under 42 U.S.C. § 1988, Plaintiff's Counsel are Entitled to an Award of a Fully Compensable Attorney Fee

Pursuant to 42 U.S.C. § 1988, Congress has expressly authorized every successful litigant who defends constitutional rights pursuant to 42 U.S.C. § 1983 to seek attorney's fees and costs in order "to ensure that federal rights are adequately enforced." Perdue v. Kenny A. ex rel. Winn, 130 S.Ct. 1662, 1671 (2010). "The congressional purpose in providing attorney's fees in civil rights cases was to eliminate financial barriers to the vindication of constitutional rights and to stimulate voluntary compliance with the law." Seattle Sch. Dist. No. 1 v. Washington, 633 F.2d 1338, 1348 (9th Cir. 1980). "It would be difficult to imagine a statute more clearly designed 'for the public good' and 'to prevent injury and wrong' than § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 73 (1989) (Brennan, J., dissenting). Where a civil rights plaintiff has obtained "excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).

### C. Given the Complexity of this Matter, the Fees Invoiced Here are Eminently Reasonable

This was a hotly defended, multi-year litigation, in which plaintiff's counsel worked diligently, under complex and difficult circumstances, to bring this case to trial. Without any guarantee of compensation, plaintiff's counsel chose to represent Imka Pope, a chronically mentally ill and often homeless woman, for five years. In the ensuing litigation, there was substantial motions practice before trial, including two repetitive summary judgment motions

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS
Page 2 of 6

CARNEY GILLESPIE ISITT
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

brought by the defense.  The parties conducted fully 15 depositions.  Each party retained an expert witness, each of whom produced a report, was deposed, and testified at trial.  In addition, the county designated multiple FRCP 30(b)(6) witnesses who were deposed and who testified at trial.

During the litigation, there were numerous important events that increased complexity, and therefore added cost.  These included two repetitive summary judgments motions brought by the defendant, both of which went forward to full hearings.  While there were opportunities here for the defendant to reduce legal cost, the defendant instead chose to drive up costs unnecessarily.  For example, the defendant's first summary judgment motion was tabled when the case went into a stay due to Ms. Pope's mental illness.  When the stay was lifted, plaintiff's counsel indicated that the plaintiff intended to significantly amend the complaint, and to then move forward with relevant discovery.  Plaintiff's counsel proposed that the defendant defer their long-dormant summary judgment motion until the claims were clarified through amendment, and until relevant discovery was had.  Instead, defendant refused to delay its motion, and formally opposed any amendment to the complaint.  Declaration of Christopher Carney in Support of Plaintiff's Petition for Attorney's Fees Under 42 U.S.C. § 1988 ("Carney Decl."), ¶ 18.

This necessitated full briefing on defendant's summary judgment motion and plaintiff's motion to amend, and preparation for a full hearing on those motions before Magistrate Donohue.  At that hearing, Judge Donohue adopted in total the plaintiff's position about the procedural posture of the case, tabling the summary judgment motion, allowing the amendment, and directing the parties to get on with relevant discovery.  This unnecessary proceeding was

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**
  Page 3 of 6



100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

very burdensome and costly.  Carney Decl., ¶ 18.  That entire cost could have been avoided had defendants been more reasonable about strategy.  Indeed, the defendant later presented many of the same arguments in its second, repetitive summary judgment motion, which was again fully briefed, and again argued at a full hearing before Magistrate Donohue.  For the most part, defendant then lost these twice-presented arguments on the merits.

Moreover, there were fully 15 depositions taken.  Unfortunately, several depositions had to be taken twice because the County failed to properly prepare 30(b)(6) witnesses to testify the first time around.  Although we were forced to prepare for motions to compel appropriate testimony, ultimately the gaps in witness preparation were so obvious that the county agreed to a second round of 30(b)(6) depositions.  This repetition -- having to arrange, prepare for and conduct these depositions twice – again added significant cost.  Ultimately, these repeated 30(b)(6) depositions proved crucial to the case, and they were featured prominently during the trial. Carney Decl., ¶ 19.

**D. The Time Billed is Reasonable**

In evaluating this fee request, it is worth noting that although our office staff did literally hundreds of hours of paralegal-level work on this case, we are not billing at all for paralegal or staff time.  It is also worth noting that each of the attorneys submitting invoices have written off significant amounts of their billable time, as detailed in the supporting Declarations.

It is also worth noting that the defendant employed fully ten paid professionals to sit through and consult during the entire trial.  All of the ten attendees, which included two attorneys, officials of the County Health Department, jail employees and many others, were paid throughout the trial for their attendance.  Carney Decl., ¶ 20.  So the defendant obviously

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**
  Page 4 of 6



CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

believed that the case was complex enough and important enough to employ ten professionals to attend and manage the trial. In contrast, and in an attempt to be efficient, Imka Pope employed only two attorneys during trial. While her other attorneys attended some trial segments and consulted regularly on trial strategy, that time was also not billed.

The total of attorney fees and costs invoiced by all four of Ms. Pope's attorneys is $556,742.47. Given counsel's long term, diligent representation, and the excellent result achieved for Imka Pope under complex circumstances, this is an eminently reasonable amount. Each of plaintiff's four attorneys -- Christopher Carney, Sean Gillespie, Kenan Isitt, and Jay Carlson -- submit herewith detailed hourly invoices for this matter, along with personal declarations supporting the reasonableness of the invoices and the billable rates requested. In addition, plaintiff's counsel submits the declaration of James Lobsenz, a highly experienced local civil rights litigator, who also supports the reasonableness of counsel's requested billable rates. A detailed bill of costs is also enclosed.

In the end, after years of diligent effort and preparation, the advanced expenditure of tens of thousands of dollars in costs, and a 6 day trial, plaintiff's counsel achieved an excellent trial result for Imka Pope: The jury not only found for Ms. Pope on nine of ten claims, including all of the federal claims, it also imposed substantial compensatory and punitive damages.[1] The jury's total damages award of $975,000 was substantially more than the plaintiff had even requested during the trial. It is difficult to imagine a more successful result for Ms. Pope. Accordingly,

---

[1] The federal claims were really the crux of this case. Indeed, the state law claims, including those for medical malpractice, were essentially evidence supporting the federal claims, as they grew out of and were the result of the demonstrated custom and practice by which the county and its employees ignored the medical and mental health needs of non-communicative inmates such as Imka Pope.

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**
  Page 5 of 6



100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

pursuant to the U.S. Supreme Court, plaintiff's counsel is entitled under federal law to a "fully compensatory fee."  Hensley, 461 U.S. at 435.

### III.   CONCLUSION

A fully compensatory fee will serve the interests of justice.  Prosecuting a case like this is very difficult and came with the substantial risk of never being compensated for the work performed.  Disadvantaged citizens such as Imka Pope would be unable to find competent counsel to fight for her rights were it not for the fee shifting provisions enacted by Congress.  Cases like this are the very reason why those fee shifting provisions exist.  The attorneys on this case assumed a significant business risk to work so diligently for so long on this case with absolutely no promise of any compensation.  Because the result ultimately achieved for Ms. Pope was so completely favorable, those attorneys are now entitled to be reasonably paid for their work.  We respectfully request that the Court approve payment of the full attorney's fees and costs reflected in the attached invoices.

Dated this February 22, 2012.

                                          Respectfully submitted,

                                          CARNEY GILLESPIE ISITT PLLP


                                            /s/ Christopher Carney
                                          Christopher Carney, WSBA No. 30325
                                          Sean Gillespie, WSBA No. 35365
                                          Kenan Isitt, WSBA No. 35317
                                          Attorneys for Plaintiff Imka Pope

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**
  Page 6 of 6

